IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WAYNE HUDGENS<br>1210 Decatur Street NW<br>Washington, DC 20011 | * | |
| | * | |
| | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Case No. 18-197 |
| | * | |
| ONTIME TRANSPORTATION INC.<br>7604 Marietta Lane<br>College Park, MD 20740 | * | |
| | * | |
| | * | |
| | * | |
| SERVE: RESIDENT AGENT<br>KELEMEWORK G. LEMU<br>7604 MARIETTA LANE<br>College Park, MD 20740 | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| and | * | |
| | * | |
| LEWIS ADAMS<br>6816 Landon Court<br>Greenbelt, MD 20770 | * | |
| | * | |
| | * | |
| | * | |
| DEFENDANTS. | * | |

*************************************************************************

## COMPLAINT

Plaintiff Wayne Hudgens ("Plaintiff"), by and through undersigned counsel,

hereby complains against Defendants Ontime Transportation Inc. ("Ontime") and Lewis

Adams ("Adams") to recover damages for unpaid minimum wages under the Federal Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), for unpaid

minimum wages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code

§§ 32-1001 *et seq*. ("DCMWA"), and for wage theft pursuant to the D.C. Wage Theft

Prevention Act, D.C. Code §§ 32-1301 *et seq*. ("DCWTPA"), as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the District of Columbia who primarily performed work for Defendants in the District of Columbia.  Plaintiff's Consent to become a plaintiff in an action under the FLSA is attached hereto.

2.      Defendant Ontime is a transportation company.  Ontime has contracts with the District of Columbia to transport individuals to medical appointments, school activities and events, and other activities.  On information and belief, Ontime is a corporation formed under the laws of the State of Maryland with its principal place of business in the State of Maryland.

3.      Defendant Adams is, on information and belief, the President, CEO, and owner of Ontime.  In this capacity, Adams, individually had the power to hire, fire, discipline Plaintiff, set and amend Plaintiff's pay rate and work schedule, and control the day to day of the Ontime business operations.

4.      At all times during Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  In the course of performing his job duties for Defendant, Plaintiff regularly and customarily crossed state lines.  At all times relevant, Plaintiff was an employee engaged in commerce or the production of good for commerce within the meaning of 29 U.S.C. §§ 206-207.

5.      On information and belief, during each year of Plaintiff's employment, Ontime's gross revenue exceeded $500,000.00, and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6.      At all times during Plaintiff's employment period, Defendants were
Plaintiff's "employer" for purposes of the FLSA and DCMWA.

7.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the
FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or
proceeding arising under any Act of Congress regulating commerce." Subject matter
jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C.
§ 1391(b). The Court has supplemental jurisdiction over Plaintiff's state law claims
pursuant to 28 U.S. Code § 1367.

## FACTS

8.      Plaintiff was employed by Defendants from approximately September
2014 through about April 2017 (hereafter, "the relevant time period" or "at all times
relevant"). At all times relevant, Plaintiff worked for Defendants full time as a driver of
one of Defendants' vans. Plaintiff's responsibilities as a driver were to pick up the van
each morning from Defendants' yard in Hyattsville, Maryland, and then drive into the
District of Columbia to transport individuals to medical appointments, school activities,
and the like, pursuant to one or more contracts that Ontime had to provide transportation
services to ill or developmentally disabled individuals in the District of Columbia.
Plaintiff was provided a manifest on a daily basis indicating what passengers he was to
pick up, and setting forth the address of the pick-up and the drop-off. Plaintiff was not
empowered to, and did not, make any meaningful decisions regarding Defendants'
operations, and was not permitted to vary from the schedule of pick-ups and drop-offs set
forth on the daily manifest he was provided.

9.     Plaintiff has no specialized or advanced degree of any kind.  He did not supervise any employees, did not exercise independent judgment or discretion with respect to matters of significance, and did not perform work directly related to the management or general business operations of Ontime.

10.    At all relevant times, Plaintiff was paid on a salary basis.  From approximately 2014 through mid-2016, Plaintiff received $700 every two weeks.  All payments were made by straight check, without proper payroll deductions for taxes or social security.  Plaintiff later received $800 every two weeks and then, briefly in 2017, $900.

11.    The exact number of hours Plaintiff worked each week varied slightly from week to week.  Typically and customarily, Plaintiff worked approximately eighty-five (85) hours per week during the course of his employment with Defendants. Specifically, Plaintiff regularly worked the following hours:

4:15am – 7:00pm for 3 days during the regular (M-F) work week (14.75 hours/day);
4:15am – 9:00pm for the other 2 days during the M-F work week, when he was transporting dialysis patients (16.75 hours/day);
4:15am – 6:30pm on Saturdays, which he did 2 times per month (14.25 hours/day)

12.    The Federal Minimum wage during the relevant time was $7.25/hour. Defendants should have paid Plaintiff, at a minimum under the FLSA, 85 hours/week x $7.25/hour = $616.25/week.  The DC minimum wage during the relevant time period increased from $9.50/hour effective 7/1/14) to $10.50/hour (effective 7/1/15) to $11.50/hour (effective 7/1/16).  Thus, Plaintiff should have been paid a minimum per the DCMWA of $807.50/week (85 hours x $9.50/hour) at the outset of his employment, to $892.50/week (85 x $10.50) between 7/1/15 and 6/30/16, and $977.50 (85 hours x $11.50) for the time period after 7/1/16.

4

13.     The FLSA and DCMWA normally provide for up to a three (3) year
statute of limitations for minimum wage claims.  However, in proper circumstances,
parties owed minimum wages may have this time period extended for equitable tolling if
the Court finds the plaintiff, despite all due diligence, is unable to obtain vital information
bearing on the existence of his claim.  The time period for Plaintiff to bring an action for
wage violations should be extended because of (1) Defendants' failure to provide the
requisite notice within ninety (90) days of the enactment of the Wage Theft Prevention
Act of 2014; (3) Defendants' failure to post or otherwise provide notice of the Federal or
District of Columbia minimum wage requirements or a means to enforce those rights; and
(3) the continuous nature of the wage violations.

14.     Plaintiff was misled into believing that he was not entitled to be paid
minimum wages for the hours he worked each week because Defendants either told this
to Plaintiff expressly or implied that this was the case by repeatedly failing and refusing
to pay at the minimum wage rates for all hours worked. Plaintiff was not aware that he
was not paid minimum wages as required by District of Columbia and Federal law until
he sought legal advice in January 2018.   In consideration of the foregoing, it is proper to
toll Plaintiff's Federal and District of Columbia minimum wage claims to include the
entirety of Plaintiff's employment period with Defendants, from approximately
September 2014 through approximately April 2017.

15.     Employers who violate the FLSA minimum wage provisions are
ordinarily "liable to the employee or employees affected in the amount of their unpaid
minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C.
§ 216(b).  The award of liquidated damages is mandatory unless "the employer shows to

the satisfaction of the court that the act or omission giving rise [to the FLSA violation] was in good faith and that [the defendant] had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

16.     The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," and not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999).

17.     Here, Defendants' failure to pay Plaintiff wages as required by the FLSA and District of Columbia law was not the product of good faith, and Defendants had no reasonable grounds for believing their failure to pay Plaintiff minimum wages at the legal rate was in compliance with Federal or District of Columbia law.  Defendants failed to even provide Plaintiff with a proper payroll check, and cannot be heard to claim that they were unaware they were violating the law.

18.     Defendants cannot meet their burden of an affirmative showing to avoid the imposition of liquidated damages.  Consequently, in addition to his unpaid minimum wages under the FLSA, Plaintiff is entitled to liquidated damages in an amount equal to his unpaid wages.

19.     The FLSA, DCMWA, and DCWTPA are "fee shifting" statutes, directing an award of reasonable attorney's fees and costs to a successful plaintiff.  As such, Plaintiff is entitled to payment, by Defendants, of his reasonable attorney's fees and costs at rates set forth under the *Salazar* Index. *See* D.C. Code § 32-1308(b)(1).

## CAUSES OF ACTION

## COUNT I

### Violation of Federal Fair Labor Standards Act (Minimum Wages)

20.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-19 above, as if each were set forth herein.

21.     The FLSA mandates that an employer must pay employees wages in the minimum amount required by law, *viz.*, $7.25/hour for the relevant time period.

22.     At all times, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

23.     Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the minimum rate of $7.25/hour for all hours worked each week by Plaintiff.

24.     While in Defendants' employ, Plaintiff worked approximately eighty-five (85) hours each week, for which he was not paid the requisite minimum wage required by the FLSA.

25.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff, jointly and severally, under Count I for all unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II

### Violation of D.C. Minimum Wage Act Revision Act of 1992 (Minimum Wage)

26.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-25 above, as if each were set forth herein.

27.     Plaintiff was Defendants' "employee" and Defendants were Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

28.     Defendants, as Plaintiff's employer under the DCMWA, were obligated to compensate Plaintiff at the minimum rate set forth in the DCMWA for all hours worked per week.

29.     As set forth above, while in Defendants' employ, Plaintiff worked approximately eighty-five (85) hours per week for which he received compensation that was not in compliance with the DCMWA.

30.     Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff, jointly and severally, under Count II, for all unpaid minimum wages in such an amount to be proven at trial, plus liquidated damages in an amount equal to three times (3x) the unpaid wages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III

### Violation of District of Columbia Wage Theft Prevention Act

31.     Plaintiff realleges and reasserts each and every allegation set forth in paragraphs 1-30 as if each were set forth herein.

32.     The District of Columbia Wage Theft Prevention Act, D.C. Code §§ 32-1301 *et seq*. ("DCWTA"), requires timely payment by employers to employees of all wages due and owing or as otherwise required by contract, District of Columbia law, or Federal law.

33.     The District of Columbia Living Wage Act, D.C. Code §§ 2-220-01 *et seq.* ("DCLWA"), requires all employers with contracts with the District of Columbia exceeding $100,000 or more to pay their employees a wage "no less than the current living wage rate." (the "Living Wage").  The Living Wage during the relevant time period was as follows:

| Year | Living Wage Rate |
|------|------------------|
| 2014 | $13.60/hour |
| 2015 | $13.80/hour |
| 2016 | $13.85/hour |
| 2017 | $13.95/hour |

On information and belief, at all times relevant Ontime has been a government contractor to the District of Columbia with a contract exceeding $100,000, and is obligated to pay its employees at not less than the Living Wage rate.

34.     Defendants violated the DCWTPA and DCLWA and failed to pay Plaintiff the minimum wages required by these laws.  Rather, for his eighty-five (85) hours of work each week, Plaintiff received only $350.00 per week ($4.12/hour) initially, later increased to $400.00 per week ($4.71/hour), and then finally $450 per week ($5.29/hour) for a brief period at the end of his employment.  These amounts were far below the amounts which Defendants were required to pay pursuant to the DCWTPA and DCLWA, as set forth above.

35.    As a result of Defendants' unlawful failure to pay Plaintiff as required by the DCWTPA and DCLWA, Plaintiff has suffered a substantial loss of wages.

WHEREFORE, Defendants are liable to Plaintiff, jointly and severally, under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an amount equal to three times (3x) the unpaid wages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Philip B. Zipin, Esq. Bar No. 369362
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: pzipin@zagfirm.com

*Counsel for Plaintiff*

## CONSENT TO PARTICIPATE AS A PLAINTIFF
## IN AN ACTION UNDER THE FLSA

I believe that I am entitled to recover minimum wages and/or overtime compensation under the Federal Fair Labor Standards Act ("FLSA") and I consent to be a plaintiff in an FLSA case.

Wayne Elliot Hudgens
Full Legal Name (please print clearly)

1210 Decatur St N.W, Washington DC 20011
Full Address

202-491-9817
Telephone Number

WE Hudgens @ XMail. Com
E-Mail Address

Wayne Elliot Hudgens
Signature

01-16-2018
Date